JUSTICE GRAY,
dissenting.
¶39 I respectfully dissent from the Court’s opinion. I would affirm the District Court’s admission of the other crimes evidence for the purpose of identity under Rule 404(b) and this Court’s Modified Just Rule.
¶40 With regard to the Rule 404(b) evidence of Sweeney’s prior conviction for sexual assault, I disagree with the Court’s conclusion that Whitlow provides no guidance. There, as the Court states, “there was a question of whether Whitlow or another person was the perpetrator of the assault” and we held the defendant’s prior conviction for sexual assault was admissible to prove identity. The same question is at issue in the present case. In both cases, the victim identified the defendant as the perpetrator and the defendant denied having committed *122 the offense. In the present case, Sweeney also asserted an alibi defense. Under such circumstances, the victim’s identification of the perpetrator was at issue and the prior conviction for sexual assault was properly admitted under Rule 404(b), the third prong of our Modified Just Rule and Whitlow.
¶41 I also disagree with the Court’s analysis, adoption and application of the Ninth Circuit’s standard for admissibility of Rule 404(b) evidence for the purpose of identity. First, the Ninth Circuit’s Rule 404(b) admissibility test is significantly different from this Court’s test as set forth in the Modified Just Rule. See Luna, 21 F.3d at 878-79. In pertinent part, that test differs from this Court’s in that the “similarity” element only applies in certain cases and it is part of the Ninth Circuit’s test that, where other crimes evidence is introduced to prove identity, a much greater degree of similarity is required than in other cases. See Luna, 21 F.3d at 882. Under the first prong of this Court’s Modified Just Rule, however, the similarity of the prior act to the offense charged must be established in every instance; our test does not include heightened degrees of similarity depending on the purpose for which the evidence is introduced under the third prong.
¶42 Moreover, and importantly, while Sweeney challenged the similarity element — the first prong — of the Modified Just Rule in the District Court, he does not do so on appeal. Instead, he limits his argument to the third prong — whether the other crimes evidence was properly admitted for the identity purpose set forth in Rule 404(b). In my view, the evidence was admissible under both Whitlow and the Modified Just Rule. I would not engraft a second “similarity” element onto our test, particularly where it is culled from another jurisdiction’s Rule 404(b) test differing significantly from that well established by this Court.
¶43 I would hold that the District Court did not abuse its discretion in admitting evidence of Sweeney’s prior conviction for sexual assault, and I dissent from the Court’s failure to do so.
CHIEF JUSTICE TURNAGE joins in the foregoing dissenting opinion.